Bobby Ghajar #198719
bobby.ghajar@pillsburylaw.com
Kelly W. Craven #248050
kelly.craven@pillsburylaw.com
Marcus D. Peterson #265339
marcus.peterson@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 S. Figueroa, Suite 2800
Los Angeles, CA  90017-5406
Tel:  (213) 488-7100
Fax:  (213) 629-1033

Attorneys for Defendant and Counterclaimant
Oculus VR, Inc.

Olivier A. Taillieu (Cal. Bar No. 206,546)
o@taillieulaw.com
**The Taillieu Law Firm LLP**
450 N. Roxbury Drive, Suite 700
Beverly Hills, CA  90210
Tel:  (310) 651-2440
Fax:  (310) 651-2439

Attorneys for Plaintiff and Counter-defendant
Oculu, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA–SOUTHERN DIVISION**

| | |
|---|---|
| Oculu, LLC,<br><br>        Plaintiffs,<br><br>              v.<br><br>Oculus VR, Inc.,<br><br>        Defendant.<br><br>And Related Counterclaim | No. 8:14-SACV-196-DOC (JPRx)<br>**PROTECTIVE ORDER**<br>Judge:    Hon. David O. Carter<br>Magistrate:  Hon. Jean P. Rosenbluth |

**PURPOSES, GOOD CAUSE STATEMENT AND LIMITATIONS.**

        1.    The parties recognize that some of the information, documents and other things (described below) being sought through discovery in this action are, for competitive reasons, normally kept confidential by the parties.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

2.    The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by FED. R. CIV. P. 26(c)(7).

3.    Specifically, the Parties may exchange documents relating to:

      a.  Financial records

      b.  Sales information

      c.  Strategic planning information

      d.  Customer information

      e.  Strategic advertising information

      f.  Social media strategy information

      g.  Distributor information

      h.  Marketing planning information

      i.  Information related to security offerings

      j.  Information relating to new, unannounced products

4.    The purpose of this Order is to protect the confidentiality of such materials as much as practically possible during the litigation.

5.    The parties further acknowledge that this stipulation and any protective order create no entitlement to file confidential information under seal.  Instead, Judge Rosenbluth's practices and schedules, available on the Court's website, as well as Local Rule 79-5.1, set forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

Given the foregoing, the parties **STIPULATE** as follows:

**DEFINITIONS**

6.    The term "Confidential Information" means and includes information disclosed or to be disclosed during this litigation including, without limitation, information contained in any Materials and information provided in documents,

portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions; including data, summaries, compilations, copies, abstracts, and any other format reproducing or capturing such information or otherwise derived from such information that meets the designation requirements of "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as set out in paragraph 19, below.

7.    The term "Materials" includes, but is not limited to: documents; correspondence; e-mails; instant messages; text messages; memoranda; bulletins; blueprints; specifications; customer lists or other matter that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; audio and recordings, including voice mail; photographs; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and  prototypes; and other physical objects.

8.    The term "Counsel" means in-house counsel of the parties and outside Counsel of Record, as defined below, and shall also include other attorneys, paralegals, secretaries, and other support staff employed by the law firms identified below:

The Taillieu Law Firm LLP

SoCal IP Law Group LLP            Pillsbury Winthrop Shaw Pittman LLP

If new outside counsel represent either party, the current parties will modify this paragraph to include the new counsel.

9.    The term "Counsel of Record" will mean (i) outside counsel who appear in the action in any capacity, whether on the pleadings, on the record in a deposition

or in a hearing, or in any other circumstance associated with the action, as counsel for a party so long as such counsel is identified to the other party, (ii) partners, principals, counsel, associates, employees, and contract attorneys of such outside counsel to whom it is reasonably necessary to disclose the Confidential Information for this action, including supporting personnel employed by the attorneys, such as paralegals, legal secretaries, and legal clerks, or (iii) independent shorthand reporters retained to record and transcribe testimony in this case and videographers retained to film testimony in this action.

10.   The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Information," as defined herein.

11.   The term "Disclosure" or "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

12.   The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

13.   The term "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, in-house counsel, and Counsel of Record.

14.   The term "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this action.

15.   The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

16.   The term "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

17.   The term "Independent Expert" means a person with specialized knowledge or experience in a matter pertinent to the case who has been retained by a Counsel of Record to serve as an expert witness or as a litigation consultant in this case, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of a Party or competitor of a Party.

**DURATION**

18.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**GENERAL RULES**

19.   Each Party to this litigation that produces or discloses any Confidential Information or Materials, or any other information or Materials that the Producing Party believes should be subject to this Order, may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

(a) Designation as "CONFIDENTIAL:" Any Party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such Party and its Counsel, the unrestricted disclosure of such information or Materials could be potentially prejudicial to the business or operations of such Party.  The following categories of documents may be designated as "CONFIDENTIAL":

1. Business agreements and contracts

2. Licensing negotiations and agreements

3. Communications with customers

4. Communications with suppliers, wholesalers, or retailers

5. Marketing plans or strategies

6. Third-party information covered by an obligation of confidentiality

7. Documentation for unrelated present or future projects, the designation will be left to the discretion of the Producing Party.

8. Any Party may the use the "CONFIDENTIAL" designation only if, in the good faith and belief of such Party and its Counsel, the unrestricted disclosure of such information or Materials could be potentially prejudicial to the business or operations of such Party, or if the information otherwise qualifies for protection under Fed. R. Civ. P. Rule 26(c).

9. Nothing, however, in any portion of this Protective Order should be considered an admission by either Party that they will not contest the designation of the documents by the other Party, whether as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY". Nor does either Party waive its right to object to the disclosure of any documentation or materials on any other ground, as allowed by the Rules.  To the extent either Party objects to the designation of a particular document as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", the Parties agree to meet and confer as that term is defined in the local rules of the United States District Court for the Central District of California before seeking the Court's intervention for a resolution of the issue.

(b) Designation as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY:" Any Party may use the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation only if; in the good faith belief of such Party and its Counsel, believe such information or Materials is among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential research,    development, non-public financial data, product design and development, future marketing or business plans, non-public customer lists, or other highly sensitive commercial or business information or Materials.

20.   If the Producing Party elects to produce Materials for initial inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified Materials for copying by the inspecting Party, the Producing Party must, within a reasonable time prior to producing those Materials to the inspecting Party, mark the copies of those Materials that contain Confidential Information with the appropriate "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation.

21.   Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of any Party:

(a) The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party will have until fourteen days after receipt of the deposition transcript to inform the other Party or Parties to the

action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY;"

(b) The disclosing Party will have the right to exclude from attendance at the deposition, only during such time as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designated Confidential Information is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and the person(s) agreed upon pursuant to paragraph 25 below; and

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

22. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" must not be disclosed by the Receiving Party to anyone other than those persons permitted access within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

23. All Confidential Information designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be viewed only by Counsel of Record of the Receiving Party, and by Independent Experts in accordance with the following protocol.

a. If the Independent Expert works or consults with, or intends to work or consult with, or provides advice to or intends to provide advice to entities that compete with Oculus VR in the field of virtual reality products and services, or with Oculu in the field of online video

advertising, the right of such Independent Expert to receive any information designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" will be subject to the advance approval of such expert by the Producing Party or as approved by the Court, and the Party seeking approval of such an Independent Expert must provide written notice to Counsel for the Producing Party, which notice will include: (i) the individual's name and business title; (ii) business address and country of residence; (iii) business or profession; (iv) the individual's curriculum vitae; (v) any previous or current relationship (personal or professional) with any of the Parties; (vi) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (vii) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; (viii) a list of any issued patents and patent applications to which the individual contributed (including as an inventor or filer); and (ix) the time period(s) and brief description and subject matter of each consultancy or employment.  Any objection by the Producing Party to an Independent Expert receiving Confidential Information must be made in writing within fourteen days following receipt of the identification of the proposed Independent Expert. Confidential Information may be disclosed to an Independent Expert if the fourteen day period has passed and no objection has been made. The approval of Independent Experts must not be unreasonably withheld.  The foregoing notification procedure shall not apply to any Independent Expert who does not work or consult with, or intend to work or consult with, or provide advice to or intend to provide advice to entities that compete with Oculus VR in the field of virtual reality

products and services, or with Oculu in the field of online video advertising.

  b. Prior to reviewing any Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY", <u>any</u> Independent Expert shall sign a copy of the form attached as Exhibit A, in advance of providing any Confidential Information of the Producing Party to the Independent Expert.  Such signed form shall be retained by the Outside Counsel retaining the Independent Expert and shall be made available to the opposing Party upon the disclosure of said Independent Expert pursuant to Fed. R. Civ. P. 26(a)(2)(D).

24. All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel of the Receiving Party, by Independent Experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

  (a) Executives who are required to participate in policy decisions with reference to this action;

  (b) Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

  (c) Stenographic and clerical employees associated with the individuals identified above.

25. In addition to the individuals referenced in paragraphs 23 and 24 above, all Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may also be viewable by independent legal translators retained to translate in connection with this action; independent copying, scanning, technical support and electronic document processing services retained by Counsel in connection with this action; graphics, translation, or design services retained by

Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or otherwise in connection with this action; non-technical jury or trial consulting services retained by Counsel in connection with this action, provided, however, that any such individual has read this Order in advance of disclosure, and has executed a copy of the form attached as Exhibit A in advance of access.

26.   With respect to all Confidential Information designated "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

27.   All Confidential Information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by the producing or disclosing Party, and any and all reproductions of that information or Material, must be retained in the custody of the Counsel of Record for the Receiving Party, except that Independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

28.   Before any Materials such as those produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents that are designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," are filed with the Court for any purpose, the Party seeking to file such Material must seek permission of the Court to file the Material under seal.  Any request to file such Material under seal must comply with Local Civil Rule 5.

29.   At any stage of these proceedings, any Party may object to the "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation of any Confidential Information.  The Party objecting to any such designation must notify, in writing, Counsel for the Designating Party of the objected to designation of such Confidential Information and the grounds for the objection.  If the dispute is not resolved consensually between the Parties within seven days of receipt of such a

notice of objections, the objecting Party may move the Court for a ruling on the objection pursuant to the terms of Local Rule 37.  The Confidential Information at issue must be treated according to the designation of the Designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

30.   All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for purposes of this action.  Counsel for each Party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

31.   No Party shall be responsible to another Party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

32.   If a Producing Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The Receiving Party must treat the materials as Confidential Information, once the Producing Party so notifies the Receiving Party.  If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of

each such disclosure.  Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" subject to this Order.

**PRODUCTION OF PRIVILEGED OR PROTECTED DOCUMENTS.**

33.  Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Party receiving the information ("Receiving Party") in writing reasonably promptly after it confirms such inadvertent production.

34.  Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the Producing Party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all.  The Party or individual having received the inadvertently-produced privileged or protected information shall notify the Producing Party in writing when all such copies have been returned, destroyed or deleted.  Any Party or individual having received the inadvertently-produced privileged or protected information need not wait for notice from the Producing Party before complying with the above and is expected to comply with the requirements of this paragraph as soon as it is known or should be known, that the document and information contained therein is privileged and/or protected.  No use shall be made of such inadvertently-produced privileged or protected information during deposition or at trial or otherwise, nor shall the information be shown to anyone who was not given access to them prior to the request to return or destroy them.

35.   The Parties shall have the benefit of all limitations on waiver afforded by Federal Rules of Evidence 502.  In addition, the Parties agree that the disclosure (whether intentional or non-intentional) of documents that are found by the Court, after such disclosure, to be subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery ("Court-Ordered Protected Documents") shall not constitute a waiver of any such privilege or protection with respect to any non-disclosed documents of the same subject matter.  Any inadvertent or non-intentional disclosure of privileged or protected information shall not operate as a waiver in any other federal, state or administrative proceeding, and the Parties' agreement regarding the effect of inadvertent or non-intentional disclosure of privileged or protected information shall be binding on non-parties only to the extent that they have read, acknowledged, and agreed to be bound by the terms of this Order.  Any disclosure of Court-Ordered Protected Documents as provided herein shall not operate as a waiver with respect to any non-disclosed documents of the same subject matter in any other federal, state or administrative proceeding.

36.   The Court shall determine at the time of trial how Confidential Information shall be handled at trial, consistent with the purposes of this Order.

**CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

37.   Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

38.   If a Party or Counsel is served a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that Party or Counsel must:

    a.   Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected to protect the Confidential Information from disclosure.

39.  If the Designating Party timely seeks a protective order, the Party or Counsel served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued or the court where compliance is required, unless the Party or Counsel has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

40.  No Party or Counsel who has received Confidential Information subject to this Order shall aid or encourage a party to other litigation to subpoena or otherwise seek to obtain Confidential Information subject to this Order.

**FILING CONFIDENTIAL INFORMATION.**

41.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information.  A Party that seeks to file under seal any Confidential Information must comply with Judge Rosenbluth's practices and schedules, available on the Court's website, and Local Rule 79-5.1.  If confidential material is included in any papers to be filed in Court, such papers shall

be accompanied by an application to file the papers – or the confidential portion thereof – under seal; the application must show good cause for the under seal filing. Further, the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged for filing under seal.

**MISCELLANEOUS PROVISIONS**

42.   No Party will be responsible to another Party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

43.   If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Designating Party may give written notice to the Receiving Party that the document or thing produced is to be designated, as appropriate, "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat such designated Confidential Information in accordance with this Order, once the Designating Party so notifies the Receiving Party. If the Receiving Party has disclosed such Confidential Information before receiving the designation; the Receiving Party must notify the Designating Party in writing of each such disclosure, and the Receiving Party will make every effort to prevent further disclosure by the Party and by the person(s) receiving such inadvertently produced Confidential Information. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

44.   Nothing within this Order will prejudice the right of any Party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product.

45.   Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course of this litigation, relying upon any Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order.

46.   This Order will be without prejudice to the right of any Party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

47.   Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

48.   Nothing in this Order will be construed to conflict with laws regulating the exportation of certain types of information, Materials, or devices outside of the United States.

49.   The restrictions and obligations set forth within this Order will not apply to any Confidential Information that: (a) the Parties mutually agree should not be subject to this Order; (b) the Parties mutually agree, or the Court rules, is already public knowledge; (c) the Parties mutually agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the

Designating Party. Prior knowledge must be established by pre-production documentation.

50.   The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

51.   Transmission by fax or email is acceptable for all notification purposes within this Order.

52.   This Order may be modified by written agreement of the Parties, subject to approval by the Court.

53.   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

54.   Even after the termination of this action, the confidentiality and other obligations imposed by this Order will remain in effect until the Producing Party agrees otherwise in writing or the Court otherwise directs.  Any Final Disposition of this action as to any or all Parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two years following such Final Disposition unless otherwise ordered by the Court.  The Parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

**FINAL DISPOSITION**

55.   Unless otherwise agreed by the Parties in writing, within 60 days after the Final Disposition of this action, as defined below, each Receiving Party authorized by this Order must return all Confidential Information to the Producing Party or destroy such Confidential Information. Whether, the Confidential Information is returned or

destroyed, Counsel for the Receiving Party must submit a written certification to Counsel for the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (a) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (b) affirms that the Receiving Party has not retained any of the Confidential Information. Notwithstanding this provision, and unless otherwise agreed by the Parties in writing, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Order. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a Court otherwise directs.  "Final Disposition" means the later of (a) dismissal of all claims and defenses in this action, with or without prejudice and (b) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

November 17, 2014

By:   /s/ Bobby Ghajar
Bobby Ghajar
Kelly W. Craven
Marcus D. Peterson
PILLSBURY WINTHROP SHAW PITTMAN LLP

Attorneys for Defendant and Counterclaimant Oculus VR, Inc.

1

2

3        Pursuant to Local Rule 5-4.3.4, Bobby Ghajar hereby attests that the following
         signatory concurs in the filing's content and has authorized the filing.

4

5        November 17, 2014                        By:  /s/ Olivier A. Taillieu
                                                   Olivier A. Taillieu
6                                                  The Taillieu Law Firm LLP

7                                                  Attorneys for Plaintiff and Counter-
                                                   Defendant Oculu, LLC

8

9

10              **IT IS SO ORDERED.**

11

12       Dated:  November 17, 2014            JEAN ROSENBLUTH
                                              Honorable Jean P. Rosenbluth
13                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

I, _____, declare as follows:

My current employer is _____.

My current address is _____.

My present occupation is _____.

I have received a copy of the Protective Order in this action, Oculu LLC v. Oculus VR, Inc., United States Dist. Court, C.D. Cal. No. 8:14-sacv-196-DOC (JPRx).

I have been retained by _____.

I have carefully read and understand the provisions of this Protective Order Re Confidentiality, and I promise that I will comply with all of its provisions. I will use information designated as "Confidential," and "Confidential – Outside Counsel Only" only for the purposes of this litigation, and not for any other purposes. I will return all "Confidential," and "Confidential – Outside Counsel Only" information, and all documents that I prepare that may incorporate such information, to counsel for the Party who disclosed or furnished the information to me promptly upon the request of counsel for both Parties or, if applicable, upon the request of counsel by whom I was retained, upon conclusion of this litigation, or upon order of the court.

I submit to the jurisdiction of this court for the purposes of enforcement against me of the terms and conditions of this Protective Order and the terms of this declaration.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____, 2014

_____
Signature

_____
Printed Name